IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  CIVIL NO.  02-718 LFG/DJS

STANLEY HOWARD SIMS
and LINDA W. SIMS,

        Defendants.


## MEMORANDUM OPINION AND ORDER
## DENYING LINDA W. SIMS' MOTION TO DISMISS,
## AND STANLEY HOWARD SIMS' MOTION BY REFERENCE

THIS MATTER is before the Court on Linda W. Sims' ("Ms. Sims") Motion to Dismiss [Doc. 3].[1]  Ms. Sims seeks dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6).  The motion is opposed.  Oral argument is not necessary.  This matter may be resolved based on the parties' submissions.

### Background

The United States of America ("USA") seeks to void and set aside as fraudulent conveyances, various transfers of assets and realty made by Mr. Sims to Ms. Sims.  28 U.S.C. § 3304(b).  USA alleges that the transfers are fraudulent and were made with the actual intent to hinder, delay or defraud the USA from collecting a debt.

---

[1]By separate motion, Stanley Howard Sims ("Mr. Sims") requested joinder in this motion [Doc. 18]. In accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, joinder will avoid the need for a separate motion, response and reply.  Accordingly, the Court grants Mr. Sims' request to join in this motion.

## The Fraudulent Conveyance Act

The Fraudulent Transfer Act provides a vehicle for the USA to void or set aside fraudulent conveyances or transfers made with the intent to hinder, delay or to defraud the United States of a debt arising either before or after the transfer is made.  In this case, USA relies on § 3304(b), which provides:

> Transfers without regard to date of judgment.--(1) Except as provided in § 3307, a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation–
>
> (A)  with actual intent to hinder, delay or defraud a creditor; or
>
> (B)  without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor–
>
> * * *
>
> (ii)  intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

This statute, § 3304(b), allows USA to void and set aside a conveyance or transfer, whether or not the debt existed at the time of the transfer or conveyance, so long as the statutory prerequisites outlined in subsections (A) or (B) have been established.

## Present Motion

Ms. Sims seeks dismissal of this Complaint pursuant 12(b)(6), and contends that actions under §§ 3304(a) and (b) require that a defendant owe a debt to the United States, and as Ms. Sims does not owe any debt to the United States, the Complaint against her should be dismissed.  Additionally, Ms. Sims contends that the New Mexico court has no *in personam* jurisdiction over her, that the

transfers did not take place in New Mexico and therefore the New Mexico federal court has no *in rem* jurisdiction, and, finally, that venue is not proper.

## Rule 12(b) Standards

Motions to dismiss for failure to state a claim are infrequently granted.  5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, 1357 (1990).  The Court is precluded from granting a motion to dismiss under 12(b)(6) unless "the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."  Maez v. Mountain States Tel & Tel., Inc., 54 F.3d 1488, 1496 (10th Cir. 1995).

In reviewing a motion to dismiss, the Court must "accept all well-pled allegations as true," Id., and "indulge all reasonable inferences in favor of the plaintiff [ ]."  Weatherhead v. Globe Intern., Inc., 832 F.2d 1226, 1228 (10th Cir. 1987).  "The issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." Scheurer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974), *overruled on other grounds*, Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982).  It is with these standards in mind that the Court considers Ms. Sims' motion.

## Analysis

Accepting the allegations of the Complaint as true, pursuant to 12(b)(6) requirements, USA demonstrates that the Defendants were married to one another and resided in New Mexico.  Mr. Sims was arrested, charged and subsequently indicted for violations of federal law.  If convicted, Mr. Sims faces substantial amounts of prison time, substantial fines and mandatory special assessments.[2]

---

[2]Count I, attempted coercion and enticement, in violation of 18 U.S.C. § 2422(b).  The penalty for a conviction of this offense is up to fifteen years incarceration, a three-year term of supervised release; and a $100 special assessment.  Count II, interstate travel for the purpose of engaging in sexual acts, in violation of

USA alleges that after Mr. Sims' efforts to dismiss the charges proved futile, and after receipt of notice of his trial setting, he and his spouse relocated to Nevada and quickly established residency. Ms. Sims then filed an uncontested petition for divorce. The court granted the parties' proposed property distribution which awarded all the parties' joint and separate property (save for one automobile) to Ms. Sims and awarded all the parties' debts, separate and communal, to Mr. Sims.

USA contends in the Complaint that the transfer of all of the parties' assets to Ms. Sims was intended to hinder, obstruct or defraud USA from collection a debt. The alleged fraudulent transfer consisted of virtually all of the parties' communal and separate property, including several homes, all of the parties' furniture and furnishings, all bank accounts, savings and investment accounts, brokerage accounts, all joint and separate IRA's, all retirement accounts, all time shares, and all automobiles, save for the one given to Mr. Sims.

USA alleges these transfers were fraudulent.[3]  Finally, USA states that Mr. Sims was convicted and is awaiting sentencing, including the possible imposition of fines.[4]

---

18 U.S.C.§ 2423(b). The penalty for this offense is fifteen years incarceration, $250,000 in fines, a three-year term of supervised release, and a $100 special assessment. Count III, transportation of material involving sexual exploitation of children, 18 U.S.C. § 2252(a)(1), the penalty is fifteen years incarceration, $250,000 in fines, a three-year term of supervised released, and a special assessment of $100. Count IV, receipt of material involving sexual exploitation of children, 18 U.S.C.§ 2252(a)(2). Conviction of this offense provides for a penalty of 15 years incarceration, $250,000 in fines, three years of supervised release and a mandatory special assessment of $100.

[3]The inference legitimately drawn from the well-pled allegations is that Mr., and then Mrs. Sims expected the convictions and sought to hide assets that may otherwise be reachable by USA in post-sentencing proceedings. This inference is bolstered by the fact that notwithstanding the divorce, Mr. and Ms. Sims continue to live together, that Mr. Sims is named as the beneficiary of Ms. Sims' separate property, and Ms. Sims continues to serve as Mr. Sims' third-party release custodian. St. Louis Baptist Temple, Inc. v. FDIC, 605 1169, 1172 (10th Cir. 1979)(the court may judicially notice its own records). While this is a reasonable inference, for purposes of this motion to dismiss, the Court considers only the allegations of the complaint.

[4]Mr. Sims was convicted of four counts. However, in post-trial proceedings, the court entered an order of acquittal on Count IV. Thus, at present, Mr. Sims is awaiting sentencing on three counts. Id.

The Complaint alleges that the parties continue to own property in New Mexico.

Ms. Sims' arguments are unavailing. The Court need not determine at this time whether Ms. Sims owes a debt. The allegations of the Complaint are that the parties engaged in a fraudulent conveyance with the intent to hinder, delay or defraud the United States. The federal statute allows this action to be brought whether the debt occurs before or after the conveyance. Moreover, as the statute aims to void conveyances that affect property in New Mexico, property in which Ms. Sims has an interest, the Court has jurisdiction to issue orders affecting those conveyances. Moreover, the inference from well-pled allegations in the Complaint is that the plan or scheme to engage in the fraudulent conveyance was made in New Mexico, and the parties went to Nevada to put this allegedly fraudulent scheme into effect.

The Court concludes that USA has properly stated a cause of action sufficient to survive a 12(b)(6) challenge. The motion to dismiss is denied.

Lorenzo F. Garcia
United States Magistrate Judge